UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANCISCO ANTONIO CRUZ, | Case No. 3:24-cv-00552-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TERRY ROYAL, *et al.*, | |
| Respondents. | |

Francisco Antonio Cruz has submitted a *pro se* 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his convictions in Eighth Judicial District Court (Clark County) Nevada, including for second-degree murder. (ECF No. 1-1.) The Court directed Cruz show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling. (ECF No. 5.) Cruz now asks the Court for an extension to file his response. (ECF No. 8.) Good cause appearing, the motion is granted.

Cruz has also filed a motion for appointment of counsel. (ECF No. 6.) There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). An indigent petitioner may request appointed counsel to pursue habeas relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel is appropriate if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d

54, 61 (9th Cir. 1980). Here, Cruz argues that he lacks expertise in legal proceedings and that English is his second language. But he drafted a 52-page petition as well as an affidavit in support of his motion for counsel, which seems to undermine his assertion that a language barrier is preventing him from presenting his claims. (*See* ECF No. 1-1 at 52; ECF No. 6 at 4.) Cruz's case has been extensively litigated in state court, and it does not appear that his claims of error and ineffective assistance of counsel are particularly complex. The Court concludes that counsel is not warranted at this stage and denies the motion without prejudice.

It is therefore ordered that Petitioner's motion for extension of time to respond to the show cause order (ECF No. 8) is granted. The deadline to respond is extended to March 24, 2025.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 6) is denied without prejudice.

DATED THIS 5th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE