1

2

3    UNITED STATES DISTRICT COURT

4    DISTRICT OF NEVADA

5    * * *

6    FRANCISCO ANTONIO CRUZ,                     Case No. 3:24-cv-00552-MMD-CLB

7                               Petitioner,                      ORDER

8         v.

9    TERRY ROYAL, *et al.*,

10                              Respondents.

11

12         Francisco Antonio Cruz has filed what he has styled as a motion for extension of

13    time to seek leave to file an amended 28 U.S.C. § 2254 petition for a writ of habeas

14    corpus. (ECF No. 26.) He explains that he did not initially receive the Court's April 10,

15    2025 order serving the petition, advising Cruz that if he did not include all claims that he

16    could seek leave to amend, and directing Respondents to respond to the petition. (*See*

17    ECF No. 11.) The Ely State Prison's law library gave Cruz Respondents' motion to dismiss

18    (ECF No. 25), which was filed July 11, 2025, on July 23, 2025. The library supervisor also

19    gave Cruz the April 10, 2025 order at that time. Cruz states that if he had received the

20    order when it issued that he would have sought leave to amend. The supervisor told him,

21    "We did not know the [screening/service order] was there, sorry." (ECF No. 26 at 2.) He

22    now asks the Court for an extension of time to seek leave to amend. The Court finds the

23    request is made in good faith and not for the purposes of delay, and, therefore, good

24    cause exists to grant the extension. The Court advises that a motion to amend must be

25    accompanied by a proposed amended complaint. *See* L-R 15-1(a). Because Cruz intends

26    to file for leave to amend his petition, the Court denies Respondents' motion to dismiss

27    without prejudice. (*See* ECF No. 25.)

28

Respondents have also filed a motion for leave to file an exhibit *in camera* and under seal. (ECF No. 21.) While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *See id.* at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Respondents ask to file Cruz's presentence investigation report ("PSI") *in camera* and under seal because it is confidential under state law and contains sensitive information concerning his crimes, his criminal history, and personal identification information. (ECF No. 21.) The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file the PSI under seal. However, the PSI does not appear to include information that is so sensitive that it would pose a security threat to Petitioner if he had access to the PSI. Respondents note that the PSI may be necessary to address one or more claims in the petition. Accordingly, the motion is granted in part, and the PSI will remain under seal.

///

///

///

///

///

///

///

///

///

///

2

It is therefore ordered that Petitioner's motion for extension of time to file a motion for leave to amend the petition (ECF No. 26) is granted. The deadline is extended to September 30, 2025.

It is further ordered that Respondents' motion to dismiss (ECF No. 25) is denied without prejudice.

It is further ordered that Respondents' motion for leave to file an exhibit *in camera* and under seal (ECF No. 21) is granted in part. The document will remain under seal.

DATED THIS 4th Day of August 2025.


_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE