UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FRANCISCO ANTONIO CRUZ, | Case No. 3:24-cv-00552-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TERRY ROYAL, | |
| Respondent. | |

## I.   SUMMARY

Petitioner Francisco Antonio Cruz, a Nevada prisoner, filed a First-Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 36 ("First-Amended Petition").) Respondent moved to dismiss the First-Amended Petition. (ECF No. 39 ("Motion").) Cruz opposed the Motion, and Respondent replied. (ECF Nos. 40, 45.) For the reasons discussed below, the Court grants the Motion and dismisses the First-Amended Petition as time-barred.

## II.   BACKGROUND

"Cruz and his codefendants Angel Perez and Omar Ayala attended an illegal street race and attempted to rob a car belonging to another group of men, then started shooting at them, killing one person." (ECF No. 17-14 at 2.) On January 25, 2010, a jury found Cruz guilty of conspiracy to commit robbery, attempted robbery with the use of a deadly weapon, second-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, and discharging a firearm out of a motor vehicle. (ECF No. 16-14.) Cruz's judgment of conviction was entered on April 7, 2010. (ECF No. 16-20.) Cruz was sentenced to 12-36 months for the conspiracy to commit robbery conviction;

12-48 months for the attempted robbery conviction plus a consecutive 12-48 months for the deadly weapon enhancement to be served concurrent to the conspiracy conviction; 10 years to life for the second-degree murder conviction plus a consecutive 10 years to life for the deadly weapon enhancement to be served concurrent with the attempted robbery conviction; 24-120 months for the attempted murder conviction plus a consecutive 24-120 months for the deadly weapon enhancement to be served consecutive to the second-degree murder conviction; and 24-120 months for the discharging a firearm conviction to be served concurrent with the attempted murder conviction. (*Id*.) Cruz appealed, and the Nevada Supreme Court affirmed Cruz's judgment of conviction on June 20, 2012. (ECF No. 17-14.)

Cruz filed a state habeas petition on June 24, 2013. (ECF No. 17-18.) On January 28, 2016, the state court denied Cruz's habeas petition. (ECF No. 17-28.) Cruz appealed, and the Nevada Supreme Court affirmed on May 9, 2017. (ECF No. 17-47.) Remittitur issued on June 5, 2017. (ECF No. 17-48.)

Cruz filed a motion to correct his illegal sentence on August 1, 2019. (ECF No. 18-15.) The state court denied the motion on October 18, 2019. (ECF No. 18-17.)

Cruz filed a second state habeas petition on September 1, 2023. (ECF No. 18-20.) The state court denied the second state habeas petition, Cruz appealed, and the Nevada Court of Appeals affirmed. (ECF Nos. 19-6, 20-3.)

Cruz filed a third state habeas petition on September 28, 2023. (ECF No. 18-27.) The state court denied the third state habeas petition, Cruz appealed, and the Nevada Court of Appeals affirmed. (ECF No. 20-5.)

Cruz filed a second motion to correct his illegal sentence on September 13, 2023. (ECF No. 18-23.) The state court denied the motion, Cruz appealed, and the Nevada Court of Appeals affirmed. (ECF Nos. 18-47, 19-45.)

///

Cruz filed a petition for a hearing to establish his factual innocence on December 21, 2023. (ECF No. 19-20.) The state court denied the petition, Cruz appealed, and the Nevada Court of Appeals affirmed on October 16, 2024. (ECF Nos. 19-28, 20-11.)

Cruz filed his original petition in this case on December 3, 2024 and his First-Amended Petition on October 31, 2025. (ECF Nos. 1-1, 36.) In his First-Amended Petition, Cruz raises the following grounds for relief:

1. The trial court abused its discretion by denying his *Batson* challenge.
2. His jury was impartial.
3. The prosecution committed misconduct.
4. The cumulative effect of the prosecutorial misconduct and prejudicial remarks made by his co-defendant's counsel violated his right to due process.
5. The trial court gave improper jury instructions.
6. The court abused its discretion in denying his petition to establish factual innocence.
7a. His trial counsel failed (1) to object to the admission of his statements to police, (2) to adequately defend him and research the prosecution's case, (3) to seek severance from his co-defendants, (4) to conduct an adequate pretrial investigation, (5) to file a *Batson* motion, (6) to challenge the jury instruction on second-degree murder, (7) to obtain evidence to challenge statements allegedly procured under duress, (8) to request evidence regarding forensic data review protocols, (9) to make a running objection to the improper adjudication of him as an adult, and (10) cumulative error.
7b. His appellate counsel failed (1) to file a petition for rehearing based on contradictory rulings in his appeal as compared to his co-defendant's appeal, (2) to request entry of a new judgment under the merger doctrine, and (3) to investigate the DNA evidence.
7c. His post-conviction counsel (1) failed to adequately communicate with him, (2) appeared intoxicated, and (3) abandoned him.
8. His trial counsel was ineffective for failing to move to suppress his statements to police.
9. Cumulative trial, appellate, and post-conviction counsel errors.

## III.   DISCUSSION

Respondent argues that the First-Amended Petition is untimely.[1] (ECF No. 39.)

_____

[1]Respondent also argues that (1) grounds 6, 7a, 7b, 7c(2), 7c(3), and 9 are unexhausted; (2) ground 7c(1) is procedurally defaulted; (3) grounds 7a(5) through 7a(8) are conclusory; and (4) grounds 4, 7a(10), 7c, and 9 are not cognizable. However, given

3

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 & n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). No statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for postconviction relief in state court because no state court proceeding is pending during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 & n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. *See Nino*, 183 F.3d at 1007.

Cruz's direct appellate review concluded on June 20, 2012, with the Nevada Supreme Court's affirmation of his judgment of conviction. As such, Cruz's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90 days later on September 18, 2012. The federal statute of limitations began to run the following day: September 19, 2012. Cruz timely filed his state habeas petition on June 24, 2013, tolling the AEDPA clock. As a result, 278 days elapsed

---

the Court's finding that the First-Amended Petition is untimely, it need not reach these arguments.

4

between the finality of the judgment and the filing of the state habeas petition. The remaining 87 days of the AEDPA limitation period were statutorily tolled during the pendency of all proceedings related to Cruz's state habeas petition. Tolling ended on June 5, 2017, when the remittitur issued. The AEDPA clock restarted the following day, June 6, 2017, and expired 87 days later on September 1, 2017, making his original petition and First-Amended Petition, filed on December 3, 2024 and October 31, 2025, respectively, untimely.[2]

Cruz first argues that he is entitled to equitable tolling because his state post-conviction counsel misled him into believing that he would file Cruz's federal habeas petition but failed to do so. (ECF No. 40.) Alternatively, Cruz argues that the Court should excuse his untimely filing because he is actually innocent. (*Id*.) The Court will discuss these two arguments in turn.

The Supreme Court has held that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when (1) a petitioner has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See id*. at 649. To satisfy the first element, a petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (en banc). To satisfy the second element, a petitioner must demonstrate that the extraordinary circumstances were the cause of his untimeliness. *See Grant v. Swarthout*, 862 F.3d 914, 926 (9th Cir. 2017).

---

[2]Although Cruz filed several motions and petitions in the state court following the conclusion of his first state habeas proceedings, they were filed after his AEDPA clock had expired, so they could not have tolled an already-expired limitations period. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Cruz was under the reasonable impression that his state post-conviction counsel was going to file his federal habeas petition following the conclusion of his state habeas proceedings. (*See* ECF No. 36 at 176 (letter dated November 8, 2016, from Cruz to his state post-conviction counsel, stating that his state post-conviction counsel's "assistant . . . says that you will still take on my case through all the appeals, even to a federal appeal") and 185 (letter dated July 18, 2017, from Cruz to his state post-conviction counsel, stating that Cruz would "wait for your federal appeal").) Indeed, Cruz's impression is supported by the fact that, during this timeframe (2016 and 2017), Cruz's state post-conviction counsel was found to have "basically abandoned his practice," resulting in his suspension from practicing law in Nevada. (*Id*. at 187-191.) Based on Cruz's state post-conviction counsel's abandonment of Cruz following the conclusion of his original state habeas proceedings, the Court finds that Cruz has demonstrated the existence of extraordinary circumstances. *See Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) ("Equitable tolling may be warranted in instances of unprofessional attorney behavior.").

Nonetheless, the Court does not find that Cruz was diligent. The Nevada Supreme Court affirmed the denial of Cruz's original state habeas petition on May 9, 2017. (ECF No. 17-47.) On February 5, 2018, Cruz filed a motion to withdraw his state post-conviction counsel and a motion for appointment of substitute counsel. (ECF Nos. 18-6, 18-7.) On March 8, 2018, the state court granted Cruz's motion to withdraw his state post-conviction counsel but denied his motion for appointment of substitute counsel. (ECF No. 18-14.) Accordingly, as of March 8, 2018, Cruz was aware that his state post-conviction counsel was no longer representing him. Despite this knowledge, Cruz failed to pursue federal habeas relief.[3] In fact, he did not file anything on his own behalf for more than a year,

---

[3]Cruz argues that he filed a Notice of Appeal on November 9, 2017, and a Motion for Appointment of Counsel on November 21, 2017, which "alerted the court of his attention and intention to seek federal relief." (ECF No. 40 at 7.) Cruz's Notice of Appeal

and, even then, he merely filed a motion in the state court instead of filing a federal habeas petition. (*See* ECF No. 18-15.) Because Cruz did nothing in the way of pursuing federal habeas relief from March 8, 2018, until December 3, 2024, Cruz fails to show that he was reasonably diligent in pursuing his rights from the time the extraordinary circumstance ceased up until the time of the filing of his federal petition. Cruz is not entitled to equitable tolling.

Turning to Cruz's actual innocence argument, Cruz explains that the "D.N.A. evidence [admitted at his trial] was unreliable and/or not tested as reported" by the prosecution's expert. (ECF No. 40 at 12.) To support this claim, Cruz provides a 2012 report from a Molecular Biologist, Christie T. Davis, Ph.D., who "was asked to determine . . . the types of errors and problems occurring in the Las Vegas Metropolitan Police Dept Forensic Laboratory" in a different criminal matter. (ECF No. 36 at 228.) In that report, Davis reviewed the documents from the other criminal case and "opine[d] that the Las Vegas Metropolitan Police Dept Forensic Laboratory (Crime Lab) interpretations of the DNA test results were scientifically unreliable." (*Id*. at 229.) Davis also reported "that this lab had problems in other cases around the time testing took place" in 2007. (*Id*.)

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" after the statute of limitations has expired. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "When an otherwise

and Motion for Appointment of Counsel were captioned for the United States District Court for the District of Nevada. (ECF Nos. 17-49, 18-2.) However, he filed these documents in the state court, and the state court transferred the Notice of Appeal to the Nevada Supreme Court. (*See id*.) The Nevada Supreme Court then dismissed Cruz's appeal because it "fail[ed] to identify any judgments." (ECF No. 18-10.) Cruz's filing of a Notice of Appeal and Motion for Appointment of Counsel in state court, even if captioned for the federal court, cannot be described or interpreted as him seeking federal habeas relief.

7

time-barred habeas petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error,' the Court may consider the petition on the merits." *Stewart v. Cate*, 757 F.3d 929, 937 (9th Cir. 2014) (quoting *Schlup*, 513 U.S. at 316). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Cruz's case and the case Davis reported on were both investigated around 2007 by the same forensic scientist, Julie Marschner. However, because Davis's report is not related to Cruz's case, Davis's report is, at most, impeachment evidence. Marschner's testimony at Cruz's trial dealt with DNA analyses conducted on items recovered from crime scene analysts. (ECF No. 16-7 at 205-217.) Although impeaching Marschner's DNA findings may have been beneficial to Cruz's defense, it does not undermine confidence in the jury's verdict given that Cruz admitted to shooting the gun.[4] (ECF No. 16-8 at 63-

---

[4]The Nevada Court of Appeals denied Cruz's actual innocence claim on two occasions:

> Cruz failed to demonstrate that evidence of the DNA analyst's errors established a bona fide issue of factual innocence. Cruz asserts that, assuming the analyst's findings were excluded, the only remaining evidence—Cruz's confession—would not sufficiently establish corpus delicti, thereby precluding the State from proving his guilt. However, Cruz did not claim that he did not actually engage in the conduct for which he was convicted. *See* NRS § 34.920. Thus, even taking Cruz's evidence of the DNA analyst's errors as credible, he has not established a bona fide issue of factual innocence.
> > [FN3] To the extent Cruz argues that evidence of the analyst's errors in other cases could be used to undermine the analyst's results and credibility at his trial, this was merely impeachment

8

64.) Because the jury could have convicted Cruz absent Marschner's testimony, the Court does not find that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *See Lee v. Lampert*, 653 F.3d 929, 943-45 (9th Cir. 2011) (holding that jurors may still have convicted the petitioner given all they heard at trial even if a police report constituted new evidence); *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002) ("Here, the newly-presented evidence . . . certainly provides a basis for some degree of impeachment of the prosecution's main witnesses. It does not, however, fundamentally call into question the reliability of Sistrunk's conviction."); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [a witness's] account of petitioner's actions.").

---

evidence, . . . and did not demonstrate the analyst made mistakes in Cruz's case or otherwise exculpate Cruz.

(ECF No. 20-11 at 4.)

Cruz argued that he could overcome the procedural bars because he was actually innocent based on newly discovered evidence. He claimed that he learned in June of 2023 that the crime scene analyst who did the DNA testing in his case had made errors in another case. He stated that the analyst's errors demonstrated that the DNA evidence in his case was also erroneous.

. . . The district court founds that the report provided by Cruz did not demonstrate that mistakes were made in his case as the report related to another case. Further, the district court found that, even if there were errors made with respect to the DNA evidence in Cruz's case, Cruz did not demonstrate he was actually innocent. The district court found that, had the DNA evidence not been presented at trial, Cruz still would have been convicted because Cruz admitted he was at the crime scene and shot his gun. The record supports the findings of the district court.

(ECF No. 20-5 at 3-4.)

9

Because Cruz has not demonstrated that he is entitled to equitable tolling or that he is entitled to pass through the *Schlup* gateway, the Court dismisses the First-Amended Petition as time-barred.

**IV.   CONCLUSION**

It is therefore ordered that the Motion (ECF No. 39) is granted. The First-Amended Petition (ECF No. 36) is dismissed with prejudice as time-barred.

It is further ordered that a Certificate of Appealability is denied, as reasonable jurists would not find dismissal of the First-Amended Petition for the reasons stated in this Order to be debatable or wrong.

It is further kindly ordered that the Clerk of Court enter judgment and close this case.

DATED THIS 1st Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE